**FILED**

OCT 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINZA H FORD
121 Argonne Street
Corning, New York 14830

    Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION,
6401 Security Boulevard
Baltimore, Maryland 21235

    Defendant

Case: 1:07-cv-01833
Assigned To : Bates, John D.
Assign. Date : 10/11/2007
Description: FOIA/PRIVACY ACT

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning a complaint and information contained in plaintiff's file, which defendant has improperly withheld from plaintiff.

### Jurisdiction and Venue

2. This court has jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C.§ 1331. Venue lies in this judicial district under 5 U.S.C § 552(a)(4)(B).

### Parties

3. Plaintiff, **LINZA H FORD**, is the requestor of the records which defendant is now withholding. Plaintiff has requested this information for use in an administrative proceeding and an administrative complaint.

**RECEIVED**

SEP 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. Defendant **Social Security Administration** is an agency of the United States within the meaning of 5 U. S. C. § 552(F) and has possession of the documents that plaintiff seeks.

### Plaintiff's Initial FOIA Request

5. By letter dated April 25, 2007, plaintiff requested access to materials pertaining to his complaint filed with Social Security Agency. A copy of this letter is attached as Exhibit 1.

6. By letter dated June 18, 2007, Defendant responded to plaintiff's FOIA request, granting fee wavier request and enclosing 7 documents consisting of 22 pages and withholding a portion of one page and two entire pages but claimed to be exempt under the deliberative process exemption 5. 5 U.S.C. §§ 552(b)(5) and 17 other documents-said to include other internal documents but claimed to be exempt under exemption 2. 5 U.S.C. §§ 552(b)(2). A copy of this letter is attached as Exhibit 2.

7. By letter dated July 9, 2007 plaintiff appealed the denial of this request. A copy of this letter is attached as Exhibit 3.

### Defendant's Inadequate Response

8. By letter to plaintiff dated August 10, 2007, defendant acknowledged receipt of plaintiff's FOIA appeal but did not respond to the substance of that request or to plaintiff's request. Instead, Plaintiff was instructed to call the Freedom of Information Officer regarding the status of his appeal if he did not hear from the agency in 30 days. A copy of this letter is attached as Exhibit 4.

9. To date, the Defendant has not responded to plaintiff's appeal. Plaintiff has exhausted the applicable administrative remedies. 5 U.S.C. §§ 552(a)(6)(A)(C)(i).

10. Defendant has wrongfully withheld the requested documents from Plaintiff.

### Plaintiff 's informal FOIA Request

11. In **April 2007**, Plaintiff, through counsel, made an informal request for the certain documents contained in his file. To date, defendant has not responded to plaintiff's informal request. A copy of this letter is attached hereto as Exhibit 5

### Plaintiff's Current FOIA Request

12. By fax letter dated July 16, 2007, plaintiff requested those very same documents referenced in the informal request under FOIA (Exhibit 6). Specifically, he requested the disclosure of the followings documents:

1. Copies of medical report from Dr. Charles Menzel since 2004;
2. All Independent medical consultant evaluations conducted since 2003;
3. all correspondences received by SSA from plaintiff since 2003 including pay stubs
4. SSA contact notes from 2003.

13. Plaintiff's FOIA request of July 16, 2007 also contained a request for a fee wavier

### Defendant's Inadequate Response

14. By form letter to plaintiff dated August 10, 2007(Exhibit 7) defendant acknowledged receipt of plaintiff's FOIA request but did not respond to the substance of that request or to plaintiff's request for fee wavier. Defendant instructed plaintiff to call the Freedom of Information Officer regarding the status of his request if he did not hear from the agency in 30 days from August 10, 2007. The letter did not set forth the "unusual circumstances" for such extension or a proposed date for such response. 5 U.S.C. § 552(a)(6)(B)(i).

15. By letter dated August 22, 2007, defendant denied plaintiff request for an expedited review and indicated it would process the request "normally" but did not respond to the substance of that request nor did it reference plaintiff's request for fee wavier.

3

16. Having failed to issue a determination within the statutory 20-day time deadline, Plaintiff, faxed a letter dated August 25, 2005, that among other things, protested the delay

17. As of the date of this Complaint, Defendant has not produce the requested records within the proper time limit. 5 U.S.C. §§ 552(a)(6)(A)(C)(i).

**DEFENDANT'S VIOLATION OF THE FREEDOM OF INFORMATION ACT FOR FAILURE TO TIMELY RESPOND TO AND GRANT PLAINTIFF'S REQUEST FOR FEE WAVIER AND DISCLOSURE.**

18. Plaintiff repeats and realleges paragraphs 1-17 in this Verified Complaint as fully set forth herein

19. Defendant's failure to timely respond to and grant plaintiff's request for fee wavier and disclosure violate FOIA 5 U.S.C §§ 552 (a)(3) and 5 U.S.C. § 552(a)(4)(A)(iii).

20. Defendant has not respond to plaintiff's FOIA appeal.

21 Plaintiff, having exhausted his administrative remedies, has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendants denial of such access.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents,

(2) Order unpaid fees to be recoverable if this action terminates in plaintiff's favor

(2) Grant such other and further relief as it may deem just and proper.

Respectfully submitted,

*Linza H Ford*

Linza Henry Ford
121 Argonne Street, Corning New York 14830

Dated: September 17, 2007

4

## VERIFICATION

Linza H Ford, being duly sworn, depose and say, that he reside at 121 Argonne Street, Corning New York 14830, that he is the plaintiff herein; and that he has read the foregoing verified complaint and know its contents thereof and that the same is true of her own personal knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters she believes them to be true.

**Subscribed and sworn to before me this 17th**

Day of September 2007

*Florence M. Wheatcraft*
_____
NOTARY PUBLIC

FLORENCE M. WHEATCRAFT
Notary Public, State of New York
No. 01WH6050728
Qualified in Steuben County
Commission Expires November 13, 20 10

**EXHIBIT 1**

Linza H Ford SS# 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
via fax 410 966-4304 and regular mail

121 Argonne Street
Corning, New York 14830
607 936-2604

April 25, 2007

Social Security Administration
Office of the General Counsel
General Law Division,
Room 617 Altmeyer Building, 6
401 Security Boulevard
Baltimore, Maryland 21235.

**FOIA REQUEST**

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of Complaint(02-02-05) and information filed with SSA by me, witnesses, SSA employees, telephone contact reports, and my attorney. I hereby certify that I am Linza H Ford and that I understand that knowingly and willfully requesting a record pertaining to another individual under false pretenses is a criminal offense.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $25.00. However, please notify me prior to your incurring any expenses in excess of that amount.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

*Linza H Ford*

Linza H Ford SS# 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

**EXHIBIT 2**



# SOCIAL SECURITY

Refer to:
S9H: QA0349

June 18, 2007

Mr. Linza Henry Ford
121 Argonne Street
Corning, NY 14830

Dear Mr. Ford:

This is in response to your April 25, 2007, request for documents pertaining to your civil rights complaint. I have considered your request under both the Privacy Act (5 U.S.C. § 552a) and the Freedom of Information Act (FOIA) (5 U.S.C. § 552).

While the records you are requesting are covered under a Privacy Act system of records, that system is exempt from the access provisions of the Privacy Act under 5 U.S.C. §552a(k)(2), which permits agencies to withhold investigatory material compiled for law enforcement purposes.

I have, however, determined that we can disclose certain documents from this file to you under the FOIA. These are enclosed. I have, however, withheld a portion of one page and two entire pages. This material is exempt from the disclosure requirements of the FOIA under 5 U.S.C. § 552(b)(5). This exemption protects the deliberative process; that is, it protects advice, opinions, recommendations, predecisional discussion and evaluative remarks that are part of the government decision making process. Release of such predecisional advisory communications would harm the quality of agency decision making and the policy of encouraging frank, open discussion among agency personnel before making a decision.

In addition, 17 pages of documents were withheld under the FOIA (5 U.S.C. § 552(b)(2)), which exempts routing slips and other internal documents such as these that are of no genuine interest to the public.

There is no charge for processing this request.

If you disagree with this decision, you may request a review. Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social

Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235.  Mark the envelope "Freedom of Information Appeal."

Sincerely,

*Willie J. Polk*

Willie J. Polk
Freedom of Information Officer

Enclosure

**EXHIBIT 3**

<u>VIA CERTIFIED MAIL</u>



121 Argonne Street
Corning, New York 14830
607 936-2604

July 9, 2007

Jonathan R. Cantor
Executive Director
Public Office of Disclosure
Social Security Administration
6401 Security Boulevard
Baltimore, Maryland 21235

<u>FOI Act Appeal S9H:QA0449</u>

Dear Executive Director Cantor:


This is an appeal pursuant to 5 U.S.C. § 552(a)(6)(1990), concerning the Social Security Administration's ("SSA." or "Agency") refusal to disclose certain documents within its control. The requested documents are a portion of one page and two entire pages and other internal documents. The Agency's refusal to disclose the requested items violates the federal Freedom of Information Act (FOIA or Act), 5 U.S.C. § 552 et seq., as amended.

As noted in original FOIA request, dated April 25, 2007, the requested materials pertain to a civil rights complaint. The release of these documents will illuminate in a clear and direct way, the activities of the SSA as it acts to fulfill important Congressional mandates to protect Social Security recipients from acts or practices that have the purpose or effect of unlawfully discriminating against any person with a disability in violation of Section 504 of the Rehabilitation Act.

Unfortunately, by a letter dated June 18, 2007 the Agency has refused to disclose some of the requested material. The stated basis is exemption 5, the so-called "deliberative process" exemption. <u>See,</u> 5 U.S.C. § 552(b)(5)

By this letter, I am therefore making a timely appeal pursuant to 5 U.S.C. § 552(a)(6) in response to the Agency's denial of the FOIA request.

To qualify for exemption 5 under the "deliberative process" privilege, a document must be either (1) "predecisional" or "antecedent to the adoption of agency policy," and (2) "deliberative," meaning "it must actually be related to the process by which agency policies are formulated." <u>Jordan v. United States Department of Justice</u>, 591 F.2d 753, 774 (D.C. Cir. 1978).

Because I do not agree that the requested materials are exempt from disclosure, I ask that the Executive Director reverse the denial of the FOIA request and waive all associated fees. I further request that if any portions of the requested documents are withheld, the Executive should describe the deleted material in detail and specify the statutory basis for the denial as well as your reasons for believing that the alleged statutory justification applies in this instance. <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1974).

Jonathan R. Cantor
Executive Director
Re: FOI Act Appeal S9H:QA0449
Page 2

In the letter of denial the Agency states " release of such predecisional advisory communications would harm the quality of agency decision making and the policy of encouraging frank and open discussion among agency personnel before making a decision."

Duty to Segregate.

To imply that the FOIA allows the withholding of entire documents merely because a portion may be exempt from disclosure overlooks entirely the "segregable portions" clause of the Act. "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt. . . ." 5 U.S.C. § 552(b).

Indeed, I anticipated the Agency's posture by stating in my initial request: "I expect you to release all segregable portions of otherwise exempt material."

This Agency has refused to do.

While in some attenuated way, all such compilations of historical fact do indeed contribute to future deliberation; exemption 5 did not envision the withholding of any governmental document, which aids decision-makers (such as correspondence), only those which legitimately reflected the deliberations of those making decisions. To construe exemption 5 as proposed in the Agency's denial letter would create an exception that would swallow the general rule of mandatory disclosure. The underlying goal of FOIA remains "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language. . . ." S. Rep. No 813, 89th Cong., 1st Sess. p.3, n. 6, (1965). The fact that the requested material may contain some incidental recommendations regarding my discrimination complaint, SSA decisions cannot act to exempt the entire document from disclosure.

**(b)(2) EXEMPTION 2** Internal Personnel Rules and Practices.

This exemption exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." The Supreme Court construed this exemption as protecting internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest." Department of the Air Force v. Rose, 425 U.S. 352 at 369 (1976).

Based upon the barest description in the denial letter, I do not agree that the requested materials (except the routing slips) are exempt from disclosure, I ask that the Executive Director review the internal documents in order to determine whether any portions of it could be release without any harm to exemption 2.

Jonathan R. Cantor
Executive Director
Re: FOI Act Appeal S9H:QA0449
Page 3

## CONCLUSION

It appears that the Agency has acted arbitrarily and capriciously by improperly denying the disclosure of the certain letters and internal documents. Therefore, I respectfully request that the Executive Director conduct a segregability review.

I trust that upon re-consideration, you will reverse the decision denying me access to this material and grant his original request. In any case, I will expect to receive your decision within 20 business days, as required by the statute.

In the event this appeal is denied, the Agency is required to provide a written response describing the reasons for the denial, names and titles of each person responsible for the denial, and the procedures required to invoke judicial assistance in this matter. 5 U.S.C. § 552(a)(6)(ii).

Thank you for your assistance.


Very truly yours,

Linza Ford

**EXHIBIT 4**



# SOCIAL SECURITY

Refer to:
S9H: AA6432

08/10/2007

Linza Ford
121 Argonne Street
Corning, NY. 14830

Dear Linza Ford:

We have received your request for records and will process it as soon as possible. If you need to contact us about your request, please be sure to refer to the above control number. If you have not heard from us in 30 days and wish to check on the status of your request, you may call 410-965-1727. Leave a message and your telephone number. Someone will return your call as soon as possible.

Sincerely,

Willie J. Polk

Willie J. Polk
Freedom of Information Officer

**EXHIBIT 5**

# FK&M

## FELDMAN, KRAMER & MONACO, P.C.

### ATTORNEYS & COUNSELLORS

HERBERT KRAMER
WARREN B FELDMAN
WILLIAM J. MONACO

DONNA ROSEN
IRENE V VILLACCI
ALLAN E FOGEL
JASON F ZIMMERMAN
JAMES F. ORLANDO
DANIEL J DIROSSO
MATTHEW R NEWBORN
STEVEN KRAMER
CHARLES H ROSEN
GLENN L KANTOR
KERRIE C HORROCKS

OF COUNSEL

STUART SALLES
ROBERT SANTORIELLA
STEVEN GILDIN
BRADLEY ZELENITZ
DAVID SHAPIRO
DEBORAH S GALLIN
JOSEPH M ROSENTHAL
LUCRETIA M. LICTVERO
FRANCIS J TUBRIDY
ANITA Y AGINIAN
ROBERT D SCHLESINGER
HENRY PON
ANDREW F BREMS
KENNETH M SPOLE
LEONARD M SCHNITZER
FORARO B ONOGE
JOHN CALIMANO
SALLY ABEL
DOMINIC E EZEUDU
STEVEN FLYNN
FRED HORTON
GLEN LEVINE
STEPHEN B IRWIN
GARY McCARTHY
LORETTA McINTOSH
ROBERT H TUCKER
PAM GOSHMAN
KEVIN CAMPBELL

PARALEGALS

VICKI CASTRO
TERRY GILMORE
DEANNA GAY
JAMIE MANCUSO
BARBARA CIOFFI
MARGARET SATCHWELL
BARBARA CAPEL
DOREEN TIERNAN
LEANDRA CONDE
SHARON SAYLOR
JENNIFER MEROLLA

PLAN ADMINISTRATORS

EILEEN BAER
LAURA TENDRUP
TERRY MILLS

BUSINESS MANAGER
MARYANNE DEJEWSKI

April 17, 2007

Ms. Peggy Kilpatrick
Social Security Administration
127 West State Street, 2nd Floor
Ithaca, NY 14850

Re:    Linza Ford
       121 Argonne Street
       Corning, NY 14830
       **Our File No.: P446432**
       *SS No.: 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*
       *Complaint Docket No.: 02-05-05*

Dear Ms. Kilpatrick:

This office has been contacted by Mr. Linza Ford with respect to the above referenced social security and complaint docket numbers.

Mr. Ford informs us that he received a letter from you requesting information concerning his lawsuit settlement and volunteer activities. He states that he previously forwarded to you letters regarding this matters on three (3) separate occasions and that this information was received by your office. Notwithstanding the foregoing, Mr. Ford asserts that you have nonetheless continued to seek information regarding his purported work activity for the year 2006. Once again, enclosed please find a copy of the letter dated November 24, 2006, which clearly indicated that Mr. Ford was not engaged in any work activity with Gannett Corporation in 2006.

According to Mr. Ford, you have also attempted to make unwarranted inquiries regarding his volunteer work with the AmeriCorps Vista Program. We are informed that Mr. Ford joined this Program in December 2004 and that despite fully disclosing all information to you regarding this situation; he received a letter stating that he would be notified of any overpayment he received in "earnings". Again, Enclosed please find a copy of a letter previously forwarded to you dated January 27, 2006 specifically stating that Mr. Ford was merely a volunteer with the AmeriCorps Vista Program.

Mr. Ford maintains that your improper categorization of his activities have recommenced the entire review process thereby subjecting him to full medical review. Again, he states that he has forwarded you this information on numerous occasions and requests that you forward to him a complete copy of his file.

NASSAU OFFICE
805 SMITH STREET
BALDWIN, NY 11510

BROOKLYN OFFICE
555 ADAMS STREET, SUITE 2700
BROOKLYN, NEW YORK 11201

QUEENS OFFICE
128-14 QUEENS BLVD.
BRIARWOOD, NEW YORK 11435

MANHATTAN OFFICE
225 BROADWAY, SUITE 1600
NEW YORK, NY 10007

WESTCHESTER OFFICE
10 GLEN STREET
WHITE PLAINS, NEW YORK 10603

including all documents you have received from him commencing the year 2004, copies of contact notes, copies of medical reports from Dr. Charles H. Menzel since 2004 together with copies of all independent medical consultant evaluations conducted, beginning the year 2004. Accordingly, we hereby request that you comply with Mr. Ford's requests.

      Your prompt attention to this matter is requested.

Very truly yours,
FELDMAN, KRAMER & MONACO, P.C.

Sally A. Abel
SAA:dc/pp/446432
cc: Linza Ford

      Ms. Barbara Spivak
      Social Security Administration
      Office of General Counsel
      Office of Regional,
      Chief Counsel-Region II
      26 Federal Plaza
      New York, NY 10278

      Mr. Michael Kuntz, Manager
      Social Security Administration
      200 Civil Center Plaza
      Corning, NY 14830

**EXHIBIT 6**

Linza Henry Ford    SS# 117-70 3791
121 Argonne Street
Corning, New York 14830
607 936-2604

July 16, 2007

Via Fax 410 966-4304 and regular mail
Social Security Administration
Office of General Counsel
Room 617 Altmeyer Building 6
401 Security Boulevard
Baltimore, Maryland 21235

### FOIA REQUEST
#### Fee waiver requested
#### Expedited review requested

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of Medical reports from Dr. Charles H Menzel submitted to SSA since 2004, copies of all independent medical consultant evaluations conducted since 2003, all correspondences received by SSA from me since 2003 including pay stubs, and copies of all contact notes from 2003..

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities. The information is to remedy the practices and policies by the Corning District office that have the purpose or effect of unlawfully discriminating against any person with a disability who particpate in the back to work program and/or the Americorps Vista program. The information is also to remedy the alleged overpayment caused by the practices and policies discussed above.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

Please provide expedited review because delay in disclosure could cause a loss of substantial due process rights. The current and past practice of disregarding claimants paystubs and/or prove of program participation in the Corning District office result in the production of overpayments for claimants thereby discouraging SS recipeints from particiapating in the aforesaid programs and causing undue stress for claimants. I certify that my statements concerning the need for expedited review are true and correct to the best of my knowledge and belief.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

Linza Henry Ford

**EXHIBIT 7**



# SOCIAL SECURITY

Refer to:
S9H:  AA6436

August 22, 2007

Ms. Linza Henry Ford
121 Argonne Street
Corning, NY  14830

Dear Ms. Ford:

You asked for expedited processing of your Freedom of Information request concerning Dr. Charles H. Menzel.  We provide expedited processing in two instances only:

- when there is an imminent threat to the life or safety of a person, or
- when the request is from the media and shows an urgency to inform the public about the government activities.

We are denying your request for expedited processing since it does not fall into either category. We will process your request normally.

If you disagree with this decision, you may request a review.  Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235.  Mark the envelope "Freedom of Information Appeal."

Sincerely,

Willie J. Polk

Willie J. Polk
Freedom of Information Officer

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

07-833
JDB

## I (a) PLAINTIFFS

Linza H. Ford

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE NP

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

Social Security Administration

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OR LAND INVOLVED

Case: 1:07-cv-01833
Assigned To : Bates, John D.
Assign. Date : 10/11/2007
Description: FOIA/PRIVACY ACT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENS...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

☐ **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (If not
administrative agency review or
Privacy Act

3

| ☐ **G.** *Habeas Corpus/* 2255 <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☑ **I.** *FOIA/PRIVACY ACT* <br> ☑ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **J.** *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ **N.** *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** ◯ | Check YES only if demanded in complaint <br> **JURY DEMAND:** ☐ YES  ☑ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES  ☑ NO    If yes, please complete related case form.

DATE  10/11/07    SIGNATURE OF ATTORNEY OF RECORD  NC D

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Sectio II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd